# Wade *v.* The State.

*Prosecution for Violation of Contract with Surety in Judgment Confessed for Fine and Costs.*

1. *Variance in description of contract.*—In a prosecution against *Ellick Wade,* for a failure to perform service for *R. B. Goins,* his surety in a judgment confessed for fine and costs (Code, § 3832), if the complaint, or statement filed by the solicitor, alleges that the contract was to "work on the farm of *R. B. Goins,*" a contract binding him to work on the farm "of said *Ellick Wade*" is not admissible as evidence.

FROM the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

A. & R. B. BARNES, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

WALKER, J.—This is a prosecution under section 3832 of the Code of Alabama, for the alleged failure by the defendant, without a good and sufficient excuse, to perform the service stipulated for by a contract made by him in consideration of another becoming his surety on a confession of judgment for the fine and costs assessed against the defendant on his conviction for a misdemeanor. The complaint, or statement by the solicitor, on which the defendant was tried, alleges that the defendant did, in open court, sign a written contract, whereby "he did agree to work on the farm of R. B. Goins, in said county, at eight dollars per month, and board, until said fine and costs were paid." The language of the contract which was received in evidence, against the defendant's objection, is : "I agree to work on the farm of said Ellick Wade in said county, at the sum of eight dollars per month," &c. It is plain that the contract which was admitted in evidence, does not answer to the description of the contract alleged in the complaint or statement filed by the solicitor. An allegation that the defendant contracted to work on the farm of one person can not be sustained by proof of a contract by the defendant to work on the farm of some other person. There is nothing in the contract as proved to show that the defendant's agreement was to work on the farm of Goins. If there had

[Wade v. The State.]

been other terms in the written instrument which clearly showed that the services stipulated for were to be rendered on the farm of the person contracted with, then, perhaps, it would have been permissible, in giving effect to the intention of the parties as disclosed by the whole instrument, to treat the insertion, in the clause above quoted, of the name of Ellick Wade instead of that of Goins, as a clerical mistake, the correction of which was furnished by the other provisions of the contract. If there had been such other provisions, it would, perhaps, have been proper to construe the contract as binding the defendant to work upon the farm of R. B. Goins. But this meaning can not be given to the contract as proved, for there is no term in that contract to show that such was the intention of the parties. There is nothing on the face of the instrument to show that a mistake was made in naming the wrong person as the owner of the farm on which the work stipulated for was to be performed. The court can not disregard the plain terms used by the parties, on the assumption that it is impossible or absurd to conclude that the defendant intended to bind himself to render services for another person on his own farm. Indeed, such assumption would be wholly unwarranted. One may as well contract to do an act or to perform services upon his own land as upon the land of another. The person contracted with may have possession of the land as a tenant, and be entitled to the benefit of work that may done thereon. It is not impossible that the farm of Ellick Wade which is mentioned in the contact as proved, was the property of some other person bearing the same name as the defendant. However that may be, and whatever may have been the intention of the parties which was not disclosed in the writing, the court is not at liberty to give to their contract a meaning which can not be deduced from its terms. There was a fatal variance between the allegation and the proof of the contract, and the defendant's objection on this ground to the admission of the instrument which was received in evidence should have been sustained. The charge made against the defendant can not be supported by evidence of his violation of the terms of the contract which was proved.

Reversed and remanded.